UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

LAURA M. SCOTT,

    Plaintiff,

                                     Case No. 19-12676

v.

                                     Hon. Marianne O. Battani

NANDAN PATEL, *et al.,*

    Defendants.

_____/

ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS IN SIXTH CIRCUIT APPEAL

This matter is before the Court on Plaintiff, Laura M. Scott's motion to proceed in forma pauperis ("IFP") on appeal (ECF No. 103). Plaintiff, who proceeded in this Court without counsel, filed a Notice of Appeal of the dismissal of her action. For the reasons that follow, the motion is **DENIED**.

I. BACKGROUND

After Scott filed her lawsuit, the Court referred it to the assigned Magistrate Judge, for report and recommendation ("R&R").   See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The Magistrate Judge recommended that the Defendants' various motions be granted, and Plaintiff advanced 35 objections to the R&R.   Because the objections failed to address or undermine the Magistrate Judge's specific reasoning and recommendations, the Court adopted the R&R in its entirety and entered a Judgment of Dismissal. (ECF No. 101).

II. STANDARD OF REVIEW

Federal Rule of Appellate Procedure 24(a)(1) provides that a party in a civil action "who desires to appeal in forma pauperis must file a motion in the district court." In addition, Rule 24(a)(2) states, "If the district court grants the motion, the party may proceed on appeal without prepaying or giving security for fees and costs, unless a statute provides otherwise." Fed. R. App. P. 24(a)(2). "If the district court denies the


motion, it must state its reasons in writing." Id. Further, 28 U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith."

III.  ANALYSIS

The Court has reviewed Plaintiff's application and finds that even if her financial status meets the requirements to proceed IFP, her appeal is not taken in good faith. See Shepard v. Morvzin, No. 16-3236, 2016 WL 10592246, at *1 (6th Cir. Dec. 9, 2016) (explaining that an appeal that 'lacks an arguable basis either in law or in fact' would not be taken in good faith") (quoting Neitzke v. Williams, 490 U.S. 319, 325 (1989)).

Scott has not offered any basis for her appeal. Consequently, the Court is unable to ascertain what nonfrivolous issues, if any, she intends to pursue before the Court of Appeals. The inadequacy of Plaintiff's showing may be due to her submission of the wrong form in support of her request for IFP status on appeal. Specifically, her motion is accompanied by an application to proceed in the district court without prepayment of fees. However, under Fed. R. Civ. P. 24(a)(1), an appealing party must (I)

submit the information called for in "Form 4 of the Appendix of Forms" to establish her inability to pay the usual filing fee, and also (ii) "state[] the issues that [she] intends to present on appeal."

In sum, Scott has not provided the full range of financial information specified in Form 4 nor has she identified the issues she wishes to pursue on appeal.  Accordingly, the Court **DENIES** her motion for leave to proceed IFP in the Sixth Circuit.

IV.     **CONCLUSION**

In this case, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal in forma pauperis is therefore **DENIED**.

**IT IS SO ORDERED.**

September 3, 2020                                                s/Marianne O. Battani
                                                                                 MARIANNE O. BATTANI
                                                                                 United States District Judge

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Kristen MacKay
Case Manager